**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,   )
           )
           )  **I.D. No. 1809000335**
   v.       )
           )
           )
**VICTOR FAIRLEY,**    )
           )
           )
   **Defendant.**   )

## ORDER

This 1st day of April 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1. The Defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v. United States*.[1]  This was but one of a barrage of "*Erlinger* claims" from inmates at the Department of Correction filed throughout the Superior Court. In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*.  While further litigation may well yield refinements in the Court's

---

[1] *Erlinger v. United States,* 602 U.S. 821 (2024).

treatment of *Erlinger* claims, many are now ripe for resolution and the Court therefore enters this Order lifting the stay in those cases whose resolution is clear from the developing case law.

## ORDER ON THE MERITS

2.      Victor Fairley was one of over twenty individuals arrested and charged in connection with a drug investigation that utilized wiretaps.[2]  Due to his criminal history, he was subject to sentencing as a habitual offender.  The wiretap was subject to a motion to suppress, which was denied by the Court after a hearing.[3]

3.      After the usual pretrial proceedings, Fairley pled guilty to 1) Racketeering, a Class B felony carrying from two to twenty-five years in prison and 2) Drug Dealing Tier 4 (heroin) also a Class B felony.[4]  The State agreed to "cap" its sentencing recommendation at twenty years.[5]  The Defendant further added that he

> Agrees he is eligible to be sentenced as a Habitual Offender under *11 Del. C.* §4214(b) due to the following prior convictions: Possession of a Deadly Weapon by a Person Prohibited (2005); PWID (2007); Poss w/in 1000 feet of a school (2009); Drug Dealing Tier 2 (2013); Poss of

---

[2] *State v. Fairley*, Superior Court Criminal Docket, ID No. 1809000335, Docket Item (hereinafter "D.I. _") 6.
[3] D.I. 26, 31.
[4] D.I. 33.
[5] *Id.*

a Firearm by a Person Prohibited (2013); Conspiracy 2nd Degree (2013).[6]

4.      Defendant and his attorney signed the Plea Agreement as well as the Truth in Sentencing Guilty Plea Form, in which he agreed that the sentence he faced included a possible life sentence as a habitual offender on the Racketeering count.[7]

5.      The State thereafter filed the habitual offender motion, setting forth as exhibits the detailed sequencing of offense, arrest, conviction, sentencing, and new offense needed to satisfy the habitual offender statute.[8]  None of these documents call into question any of the ambiguities of a "different occasions inquiry" required under the federal Armed Career Criminal Act as examined in *Erlinger*.  Rather, the State's habitual offender motion consisted of indictments, plea agreements, docket entries, and sentencing orders – the type of documents referred to by the *Erlinger* Court as "*Shepard* documents."[9]  "[A] sentencing judge may use the information he gleans from *Shepard* documents for the 'limited function' of determining the fact of a prior conviction and the then-existing elements of that offense."[10]

6.      The Defendant did not – and has never – controverted any allegation of the habitual motion, thus suggesting that had a jury been empaneled to consider the

---

[6] *Id.*

[7] *Id.*

[8] D.I. 34.

[9] *Erlinger v. United States,* 602 U.S. 821, 823 (2024).  *See Shepard v. United States*, 544 U.S. 13 (2005).

[10] *Erlinger*, 602 U.S. at 839 (citing *Descamps v. United States*, 570 U.S. 254, 260 (2013)).

motion, the Defendant would have had no factual issue to put to the jury. His case thus falls in line with the class of cases to which *Erlinger* does not extend relief. Defendant freely admitted his prior record subjected him to the enhanced sentencing provisions of the habitual offender act. His motion therefore must be **DENIED** and his motion for appointment of counsel is **MOOT**.

     **IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles. E. Butler, Resident Judge

cc:    Prothonotary
        Victor Fairley (SBI # 00438197)
        Cynthia Hurlock, Deputy Attorney General